**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 12-20157-CR-ROSENBAUM/SNOW**

UNITED STATES OF AMERICA,

Plaintiff,

v.

RAMON ENRIQUE ACOSTA,

Defendant.
_______________________________/

**ORDER**

This matter is before the Court upon Defendant Ramon Enrique Acosta's Motion for Severance [D.E. 162]. The Court has carefully reviewed Defendant's Motion, all supporting and opposing filings, and the record. After careful consideration, the Court now denies Defendant's Motion for the reasons set forth below.

## *I. Background*

Defendant Ramon Acosta is charged by indictment along with six[1] others: Paul Cordoba, Marlon Cordoba, Antonio Cordoba, Francisco Gamero Medina, Cecilia Cordoba, and Manuel Rowinsky. The Superseding Indictment sets forth two cocaine-trafficking conspiracies, substantive cocaine-trafficking offenses, two money-laundering conspiracies, a substantive money-laundering offense, and a count of making a false statement relating to transporting a controlled substance by aircraft. *See* D.E. 96. Defendant Acosta is charged in each of the cocaine-trafficking conspiracies and with two substantive cocaine-trafficking counts. *See id*. at Counts 1, 2, 4, 6. He is not charged

[1]Another defendant, Jefferson Castillo, pled guilty to a Superseding Information.

with money laundering or with conspiracy to commit money laundering.

Previously, Defendants Cecilia Cordoba and Manuel Rowinsky, who are charged in one of the money-laundering conspiracies only, filed severance motions. *See* D.E. 68, D.E. 71. On May 3, 2012, the Honorable Federico A. Moreno denied Defendants Cecilia Cordoba and Manuel Rowinsky's severance motions. *See* D.E. 78, D.E. 79.

Defendant Acosta filed his Motion for Severance on August 20, 2012. *See* D.E. 162. In his Motion, Defendant Acosta notes that he is charged with drug-trafficking violations only and asserts that his trial should be severed from that of his Co-Defendants because "the 'spillover effect' from the evidence pertaining to the money laundering counts onto Acosta 'may be so prejudicial . . . as to mandate severance.'" D.E. 162 at 4 (citations omitted). As Defendant Acosta envisions trial, "the overwhelming amount of evidence submitted at trial will be directed at the other defendants, . . . and the spillover effect will be so great, that the court should exercise its discretion in [Acosta's] favor and grant him a trial separate from the co-defendants." *Id.* at 5. In addition, Acosta "adopts, as his own, the legal analysis set out in [Defendant Rowinsky's and Defendant Cecilia Cordoba's motions for severance]." *Id.* at 3 n.6. Among Defendant Rowinsky and Defendant Cecilia Cordoba's arguments, they contend that the risk of undue prejudice from a joint trial is high because "evidence will be admitted at trial against co-defendants that would be inadmissible against Ms. Cordoba if tried separately . . . ." *See* D.E. 68 at 3; D.E. 71 at 3. In addition, Defendant Cecilia Cordoba urges that "co-defendant's defenses are mutually antagonistic to and irreconcilable with the defendant's defense." D.E. 68 at 3. Acosta, however, does not set forth in his brief any facts to show how either of these arguments applies to him.

## ***II. Discussion***

**A. Rule 8, Fed. R. Crim. P.**

The Court begins its analysis by considering whether Counts 1, 2, 4, and 6 of the Superseding Indictment are properly joined with each other and with the other counts of the Superseding Indictment. Rule 8(a), Fed. R. Crim. P., governs joinder of offenses. It provides, in relevant part, "The indictment . . . may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." The word "transaction" "'may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.'" *United States v. Park*, 531 F.2d 754, 761 (11th Cir. 1976) (quoting *Moore v. N.Y. Cotton Exch.*, 270 U.S. 593, 610 (1926)). As for whether crimes are "connected" for purposes of Rule 8(a), charges satisfy this prong of Rule 8(a) if "the proof of one crime constitutes a substantial portion of the proof of the other." *United States v. Montes-Cardenas*, 746 F.2d 771, 776 (11th Cir. 1984) (citations omitted). When a court applies the standards articulated in Rule 8, the court "broadly construe[s] [Rule 8] in favor of the initial joinder.'" *United States v. Dominguez*, 226 F.3d 1235, 1238 (11th Cir. 2000) (quoting *United States v. Weaver*, 905 F.2d 1466, 1476-77 (11th Cir. 1990)).

Rule 8(b) sets for the requirements for joinder of defendants. It provides,

> The indictment . . . may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting and offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b). With regard to the propriety of joinder of offenses under Rule 8(b), an indictment may properly charge all of the defendants with conspiracy but only some of the defendants with substantive crimes arising out of that conspiracy. *United States v. Weinrich*, 586 F.2d 481, 495 (5th Cir. 1978);[2] *United States v. DeLeon*, 641 F.2d 330, 337 (5th Cir. Apr. 2, 1981). Moreover, where offenses are properly joined, a severance is not appropriate "merely to defuse the probative impact of evidence of one's own guilt." *United States v. McGruder*, 514 F.2d 1288, 1290 (5th Cir. 1975) (citation omitted).

Similarly, an indictment may properly charge multiple conspiracies that do not involve precisely the same participants, provided that all of the charged conspiracies are "part of the same series of acts or transactions." *United States v. Hill*, 643 F.3d 807, 829 (11th Cir. 2011) (citation and internal quotation marks omitted). Thus, in *Hill*, the Eleventh Circuit concluded that three conspiracies involving different members were properly joined where the leader of the three conspiracies devised a "master scheme" involving a "common plan and design" but used a "different set of actors to perform the three acts of his play." *Id.*

In the instant matter, Defendant Paul Cordoba is charged in every count of the Superseding Indictment. During other hearings in this matter, the Government has described Defendant Paul Cordoba's role as, effectively, the leader or mastermind of a cocaine-trafficking business. Under the Government's theory, Counts 1 and 4 — the two cocaine-trafficking conspiracies — like the different conspiracies in *Hill*, are part of the same "master scheme" involving a "common plan and design" orchestrated ultimately by Defendant Paul Cordoba. And, the substantive drug-trafficking

---

[2]Pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.

counts in the Superseding Indictment are alleged to have constituted part and parcel of the conspiracies alleged in Counts 1 and 4.

As for the money-laundering conspiracies and substantive money-laundering charges, the Eleventh Circuit has opined that "money laundering often ensures the success of the underlying substantive crime, drug trafficking." *United States v. High*, 117 F.3d 464, 469 (11th Cir. 1997) (citation omitted). Here, during various hearings in this case, particularly the hearing on Defendants' Motion to Take Depositions, the Government proffered that the conduct charged in the money-laundering counts regards proceeds allegedly acquired during the drug-trafficking activity charged in Counts 1 through 8. Thus, all of the counts in the Superseding Indictment are "connected" for purposes of Rule 8(a) and (b). Consequently, under Rule 8(a) and (b), Fed. R. Crim. P., the drug-trafficking and money-laundering are properly joined in the Superseding Indictment.

**B. Rule 14, Fed. R. Crim. P.**

Nevertheless, although Rule 8 may permit counts satisfying the rule's standards to be joined, Rule 14, Fed. R. Crim. P., empowers the district court to exercise its discretion to sever otherwise properly joined counts when the court concludes that "the joinder of offenses . . . for trial appears to prejudice a defendant or the government. . . ." To determine whether a severance should be granted, the trial court "must balance the right of the defendant to a fair trial against the public's interest in the efficient and economic administration of justice." *United States v. Simon*, 839 F.2d 1461, 1472 (11th Cir. 1988) (considering motion for severance of defendants). In conducting this analysis, the district court must grant a motion for severance only where denial would "'result[] in compelling prejudice against which the district court [can] offer[] no protection.'" *United States v. Dowd*, 451 F.3d 1244, 1249 (11th Cir. 2006) (quoting *United States v. Hersh*, 297 F.3d 1233, 1244

(11th Cir. 2002)).

Four types of prejudicial joinder can require a severance, although courts "rarely grant[]" severances on any of these bases:

> (1) Where the Defendants rely on mutually antagonistic defenses. . . .
>
> (2) Where one Defendant would exculpate the moving Defendant in a separate trial, but will not testify in a joint setting. . . .
>
> (3) Where inculpatory evidence will be admitted against one Defendant that is not admissible against the other. . . .
>
> (4) Where a cumulative and prejudicial "spill over" effect may prevent the jury from sifting through the evidence to make an individualized determination as to each Defendant. . . .

*United States v. Chavez*, 584 F.3d 1354, 1360-61 (11th Cir. 2009) (internal citations omitted).

Here, Defendant asserts without elaboration that he and his Co-defendants may rely on mutually antagonistic defenses and inculpatory evidence will be admitted against Co-defendants that is not admissible against Defendant. Defendant's rote recitation of these two *Chavez* factors without identifying what defenses or evidence might be problematic are insufficient to justify a severance, particularly because he bears the burden of establishing compelling prejudice justifying a severance. *See United States v. Bane*, 2010 WL 882913, *2 (M.D. Fla. Mar. 5, 2010); *United States v. Flores*, 2007 WL 2904109, *65 (N.D. Ga. Sept. 27, 2009).[3]

---

[3]Although the Eleventh Circuit has held that severance is "compelled" if the jury, "'in order to believe the core of the testimony offered on behalf of that defendant, must necessarily disbelieve the testimony offered on behalf of his co-defendant . . . ,'" *United States v. Gonzalez*, 804 F.2d 691, 695 (11th Cir. 1986) (quoting *United States v. Berkowitz*, 662 F.2d 1127, 1134 (5th Cir. Unit B 1981)), the Supreme Court has subsequently cautioned that a simple showing of mutually antagonistic defenses is not prejudicial *per se*. *Zafiro v. United States*, 506 U.S. at 538. Moreover, even when prejudice is shown, severance is not necessarily required. *Id.* at 539. In this regard, "it is well settled that defendants are not entitled to severance merely because they

As for Defendant's concern about alleged prejudice overflowing from the money-laundering counts, Defendant's complaint in this regard is also conspicuously lacking in details. Indeed, Defendant contends generally only that "the overwhelming amount of evidence submitted at trial will be directed at the other defendants, . . . and the spillover effect will be so great, that the court should exercise its discretion in [Acosta's] favor and grant him a trial separate from the co-defendants." D.E. 162 at 5. But Defendant never specifies what that evidence is or how he reaches this conclusion, other than to state conclusorily that the spillover effect of the money-laundering evidence will unfairly prejudice him in his trial on the drug-trafficking charges because he is not charged with any money-laundering violations. In view of the Eleventh Circuit's recognition that money laundering frequently permits drug trafficking to succeed, however, alone and without more, the mere trial of drug-trafficking charges along with charges for laundering the proceeds of moneys allegedly gained through the drug-trafficking that is the subject of the same indictment does not

---

may have a better chance of acquittal in separate trials." *Id.* at 540 (citations omitted). Determining what, if any, relief is to be granted where prejudice is shown, falls within the district court's sound discretion. *Id.* (citing *United States v. Lane*, 474 U.S. 438, 449 n.12 (1986); *Opper v. United States*, 348 U.S. 84, 95 (1954)). In undertaking this analysis, the Court keeps in mind that "when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* As the Eleventh Circuit recently observed, "Since the 1993 decision of the Supreme Court in *Zafiro*, . . . rejecting the concept that mutually antagonistic defenses are prejudicial *per se*, . . . there has been only one decision of [the Eleventh Circuit] finding error in a district court's denial of a motion for severance," and the one reversal cited by the Eleventh Circuit did not make its finding on the basis of antagonistic defenses. *Chavez*, 584 F.3d at 1360 n.5 (citing *United States v. Cobb*, 185 F.3d 1193 (11th Cir. 1999) as holding that a joint trial effectively denied one of the defendant's right of access to exculpatory testimony by the co-defendant who would have been available as a witness at a separate trial); *see also Zafiro*, 506 U.S. at 538 ("The low rate of reversal [of district courts denying severance motions on the basis of antagonistic defenses] may reflect the inability of defendants to prove a risk of prejudice in most cases involving conflicting defenses.").

result in unfair or undue prejudicial spillover, even if a defendant is charged only with drug-trafficking violations.

To the contrary, the drug-trafficking and money-laundering counts are not only properly joined, but the public's interest in the efficient and economic administration of justice weighs heavily in favor of a single trial. As the Supreme Court has recognized, a preference exists in the federal system for joint trials of defendants who are indicted together:

> Joint trials play a vital role in the criminal justice system . . . . Joint trials generally serve the interests of justice by avoiding inconsistent verdicts and enabling more accurate assessment of relative culpability — advantages which sometimes operate to the defendant's benefit. Even apart from these tactical considerations, joint trials generally serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts . . . .

*Richardson v. Marsh*, 481 U.S. 200, 209-10 (1987). Fort these reasons, courts have concluded that, as a general rule, "defendants indicted together should be tried together." *United States v. Cassano*, 132 F.3d 646, 651 (11th Cir. 1998) (citation omitted). Courts have found this rule to be "particularly applicable to conspiracy cases," such as this one. *Id.* (citations omitted). And here, where seven remaining defendants are proceeding to trial on charges that purport to involve related proof and Defendant Acosta has failed to demonstrate prejudicial spillover resulting from trying the charges against him along with the charges against his Co-defendants, the Court cannot ignore the interests of the public. Thus, in the absence of a compelling reason for not doing so, all of the counts in the Superseding Indictment should be tried together.

***III. Conclusion***

For the foregoing reasons, Defendant Ramon Enrique Acosta's Motion for Severance [D.E.

162] is **DENIED**.

**DONE AND ORDERED** Fort Lauderdale, Florida, this 7th day of September 2012.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record